UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA LEE STONEBREAKER,<br><br>               Plaintiff,<br><br>vs.<br><br>THE ROMAN CATHOLIC CHURCH FOR THE ARCHDIOCESE OF NEW ORLEANS, ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC., and THE CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA,<br><br>               Defendants. | CIVIL ACTION NO.: 20-[•]<br><br>JUDGE [•••••••••••••]<br><br>MAGISTRATE JUDGE [•••••••••••••] |

## NOTICE OF REMOVAL

Defendant, The Roman Catholic Church of the Archdiocese of New Orleans (hereinafter, the "**Archdiocese**" or "**Debtor**"), through undersigned counsel, hereby removes the above-captioned civil action (the "**State Court Action**"), and all claims and causes of action therein, from the Civil District Court for the Parish of Orleans to this Court, pursuant to 28 U.S.C. §§ 1334 and 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of this Notice of Removal, the Archdiocese respectfully states as follows:

### BACKGROUND

1.      The Catholic Church is today, and has been for more than three centuries, a vital part of the city of New Orleans and surrounding areas. Catholic institutions began ministries in what would become the state of Louisiana before New Orleans was founded in 1718. Created as a diocese in 1793, and established as an archdiocese in 1850, the Archdiocese of New Orleans has educated hundreds of thousands in its schools, provided religious services to millions in its

churches and provided charitable assistance to countless individuals in need, including those affected by hurricanes, floods, natural disasters, war, civil unrest, plagues, epidemics and illness.

2. On August 15, 2019, Plaintiff commenced the State Court Action by filing a petition (the "**Petition**") in the Civil District Court for the Parish of Orleans (the "**State Court**") against the Archdiocese, Archdiocese of New Orleans Indemnity, Inc., and The Catholic Mutual Relief Society of America. *See Linda Lee Stonebreaker v. The Roman Catholic Church for the Archdiocese of New Orleans, et al.*, Civil Action No. 2019-08551.

3. In the Petition, Plaintiff alleges, among other things, that the Archdiocese is liable in connection with certain personal injury tort claims stemming from sexual abuse suffered by Plaintiff. The State Court Action is one of more than 30 similar civil actions pending in a state or federal court in this district that asserts personal injury tort claims against the Archdiocese and various non-debtor co-defendants arising from sexual abuse by a priest, deacon, or other individual associated with the Archdiocese.

4. On May 1, 2020, the Archdiocese filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Louisiana (the "**Bankruptcy Court**"). The Archdiocese's bankruptcy case is designated as *In re The Roman Catholic Church of the Archdiocese of New Orleans*, Case No. 20-10846 (the "**Chapter 11 Case**").

5. Since the Chapter 11 Case was commenced, the Debtor has remained in possession of its property and is managing its business as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. By this Notice of Removal, the Archdiocese removes the State Court Action to this Court.

## GROUNDS FOR REMOVAL

7. Removal of the State Court Action is proper pursuant to 28 U.S.C. §§ 1334 and 1452(a).

8. Section 1452(a), which governs the removal of civil actions related to a bankruptcy case, such as the State Court Action, provides:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

9. Section 1334(b), in turn, provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

10. Jurisdiction over a proceeding that is "related to" a bankruptcy case "is the broadest of the potential paths to bankruptcy jurisdiction." *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 163 (3d Cir. 2004); *see also Internal Revenue Serv. v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F.3d 542, 547 (5th Cir. 2002) ("'Related to' jurisdiction has been defined quite broadly.").

11. An action is "related to" a bankruptcy case if the outcome "could *conceivably* have any effect on the estate being administered in bankruptcy." *See Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis in original). Under this test, "[c]ertainty is unnecessary; an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate."

*Cochran v. Johnson & Johnson,* No. H-19-1451, 2019 U.S. Dist. LEXIS 117954, at *3-4 (S.D. Tex. Jul. 16, 2019) (quoting *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007)).

12. The State Court Action is related to the Archdiocese's Chapter 11 Case and therefore, is removable under 28 U.S.C. § 1452(a) because, *inter alia*:

- In the Petition, Plaintiff asserts claims to recover monetary damages from the Archdiocese. Specifically, the Petition seeks damages based upon tortious actions or omissions allegedly committed by the Archdiocese and its officers, employees, agents, or other related parties. Any recovery of such damages would necessarily diminish the Archdiocese's estate.

- The Archdiocese and certain non-debtor co-defendants named in the Petition share an identity of interest such that a claim against the non-debtor co-defendants is, in effect, a claim against the Archdiocese's estate. *See A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *see also In re Wood*, 825 F.2d at 93.

- The claims and allegations in the Petition against the non-debtor co-defendants are inextricably intertwined with the claims and allegations against the Archdiocese such that the entire State Court Action is "related to" the Archdiocese's Chapter 11 Case. The claims and allegations in the Petition arise out of a common nucleus of operative facts and raise substantially similar questions of law. As one consequence, the Archdiocese may be compelled to participate in the litigation, notwithstanding the automatic stay, to protect its own interests. Moreover, the continuation of the State Court Action, even if stayed against the Archdiocese, would likely require the Archdiocese or its employees to expend time and resources in responding to discovery requests and participating in depositions.

13. Accordingly, the entire State Court Action—and not just the claims against the Archdiocese—is appropriately removed.[1]

---

[1] Relatedly, Plaintiff's claims asserted against the named Defendant insurers under Louisiana's direct action statute may be subject to the automatic stay. The U.S. Court of Appeals for the Fifth Circuit has recognized that the automatic stay precludes a direct action against an insurer where the policy proceeds are property of the estate. *See Sosebee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1025 (5th Cir. 2012) ("Where a court finds insurance proceeds to be property of the bankruptcy estate the automatic stay will apply to direct actions against insurers . . . .") (citing 11 U.S.C. § 362(a)(3)).

## **PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

14. Removal of the State Court Action is timely pursuant to Bankruptcy Rule 9027(a)(2). This Notice of Removal is being filed within ninety (90) days after the order for relief in the Chapter 11 Case. No order has been entered in the Chapter 11 Case terminating the automatic stay with respect to any claim against the Archdiocese.

15. Venue in this Court is proper pursuant to Bankruptcy Rule 9027(a)(1) because the State Court is located in the district and division of this Court.

16. For purposes of Bankruptcy Rule 9027(a)(1), upon removal of the State Court Action, the Archdiocese consents to the entry of final orders or judgment by the Bankruptcy Court, to the extent applicable.

17. In accordance with Bankruptcy Rule 9027(a)(1), attached hereto as **Exhibit A** is what the Archdiocese believes to be a true and correct copy of all process and pleadings that have been filed in the State Court Action.

18. Pursuant to Bankruptcy Rules 9027(b) and (c), the Archdiocese will promptly serve a copy of this Notice of Removal on all parties to the State Court Action and file a copy of the same with the Clerk of the State Court.

19. Because the Archdiocese is removing under § 1452(a), consent or joinder from other defendants is not required. *See, e.g.*, *Satterwhite v. Guerrero (In re Guerrero)*, No. 12-35341, 2013 Bankr. LEXIS 5346, at *12 (Bankr. S.D. Tex. Dec. 20, 2013) ("Because any one ***party*** may remove an action under § 1452, consent is irrelevant.") (emphasis in original). However, out of an abundance of caution, the Archdiocese has consulted with counsel for the other defendants in the State Court Action, Archdiocese of New Orleans Indemnity, Inc. and The Catholic Mutual Relief Society of America, and Notices of Consent to Removal have been executed. *See* **Exhibit B**.

20. All parties to the State Court Action are **HEREBY NOTIFIED** that removal of the State Court Action will be effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Bankruptcy Rule 9027(c).

21. The Archdiocese reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove the State Court Action.

22. No admission of law, fact, or liability is intended by this Notice of Removal. Nor does this Notice of Removal waive any defenses available to the Archdiocese.

Dated: May 1, 2020

Respectfully submitted,

*s/Edward D. Wegmann*
WAYNE G. ZERINGUE, JR. (#18516)
JOSEPH J. LOWENTHAL, JR. (#08909)
JEFFERSON R. TILLERY (#17831)
EDWARD D. WEGMANN (#13315)
ALLISON B. KINGSMILL (#36532)
Jones Walker LLP
201 St. Charles Avenue, Floor 48
New Orleans, LA 70170
Telephone:   504-582-8682
Facsimile:   504-589-8682
Email:   wzeringue@joneswalker.com
         jlowenthal@joneswalker.com
         jtillery@joneswalker.com
         dwegmann@joneswalker.com
         akingsmill@joneswalker.com

and

RICHARD A. BORDELON (#14091)
TODD R. GENNARDO (#32029)
DYLAN K. KNOLL (# 35507)
Denechaud and Denechaud, L.L.C.
201 St. Charles Avenue, Suite 3920
New Orleans, LA 70170
Telephone:   504-522-4756
Facsimile:   504-568-0783
Email:   rbordelon@denechaudlaw.com

tgennardo@denechaudlaw.com
dknoll@denechaudlaw.com

***Attorneys for Defendant, The Roman Catholic Church of the Archdiocese of New Orleans***

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all known counsel for parties to this proceeding by electronic mail and/or by United States mail, postage prepaid and properly addressed, on this 1st day of May 2020.

*s/ Edward D. Wegmann*